UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
**PAUL DARWIN EBANKS,**                                     :
                                                            :
           Petitioner,                  :
                                                            :
  -against-                                           :    REPORT &
                                                            :    RECOMMENDATION
                                                            :    07 Civ. 314 (WP4)(MDF)
                                                            :
**YVONETTE SHARONET EBANKS**                                :
                                                            :
           Respondent.                  :
                                                            :
                                                            :
------------------------------------------------------------X

TO:    THE ASSIGNED UNITED STATES DISTRICT JUDGE

    Paul Darwin Ebanks ("Petitioner") brings this petition for the return of his children from his wife, Yvonette Sharonet Ebanks ("Respondent"), pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10,494 (Mar. 26, 1986) ("Hague Convention") and the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.* ("ICARA"). Currently pending before the Court is Respondent's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction due to improper service of process. For the reasons that follow, I respectfully recommend that your Honor deny Respondent's motion to dismiss and grant Petitioner additional time to effect proper service.

## I. BACKGROUND

    On January 12, 2007, Petitioner filed in this Court a Verified Petition for the Return of the Child to Petitioner, a Declaration Establishing the Habitual Residence of the Child, a Notice of Petition under the Hague Convention, and a Civil Cover Sheet. *See* Affirmation of Walter

Lesnevich, Esq. ("Lesnevich Affirmation") ¶ 2.  On January 27, 2007, a process server went to the dwelling of Jerome Benjamin, Respondent's boyfriend with whom she and her children reside, and gave him the following documents:  Letter, Summons in a Civil Case, Civil Cover Sheet, Verified Petition for the Return of the Children to Petitioner, Declaration Establishing the Habitual Residence of the Children, Notice of Petition under Hague Convention, and Preliminary Order in Case Designated to WP4 Calendar.  *See* Aff. of Yvonette Ebanks ¶ 2; Affirmation of Gretchen Mullins Kim, Esq. ("Mullins Kim Affirmation") Exs. A, E; Lesnevich Affirmation ¶ 7 & Ex. C.

Petitioner also sent copies of all of the petition documents filed with the Court to Ury Abraham Leid, Esq., Respondent's attorney of record in the state matrimonial proceeding (which has since been dismissed).  *See* Lesnevich Affirmation ¶¶ 4-6 & Exs. A, B.  However, Mr. Leid was not representing Respondent in the Hague Convention proceeding.  *Id.* ¶ 4; Affirmation of Galit Moskowitz, Esq. ¶¶ 2-3 & Ex. A.  The parties disagree about whether Respondent received a copy of the Hague Convention petition papers from Mr. Leid.  *Id.* ¶ 3 & Ex. A; Reply Aff. of Yvonette Ebanks ¶ 3.

On February 21, 2007, the Court held a conference, the result of which was the issuance of an Order, on February 28, 2007, barring Respondent from removing her two minor children from Bronx County, New York.  After receiving a copy of the Order, Respondent retained counsel and brought this motion to dismiss.

**DISCUSSION**

While lack of personal jurisdiction is the substance of Respondent's motion,[1] "technically Rule 12(b)(5) is the proper provision to challenge the mode of delivery or the lack of delivery of the summons and complaint. Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *Tomney v. Int'l Ctr. for the Disabled*, No. 02 Civ. 2461, 2003 WL 1990532, at *3 (S.D.N.Y. Apr. 29, 2003) (internal quotation marks and citations omitted).

In cases brought pursuant to the Hague Convention and its implementing legislation, ICARA, notice is to be given "in accordance with the applicable law governing notice in interstate child custody proceedings." 42 U.S.C. § 11603(c). "In the United States, the Parental Kidnapping Prevention Act ('PKPA') and the Uniform Child Custody Jurisdiction Act ('UCCJA') govern notice in interstate child custody proceedings." *Brooke v. Willis*, 907 F. Supp. 57, 60 (S.D.N.Y. 1995) (citing *Klam v. Klam*, 797 F. Supp. 202, 205 (E.D.N.Y. 1992)). The PKPA provides that "[b]efore a child custody or visitation determination is made, reasonable notice and opportunity to be heard shall be given . . . ." 28 U.S.C. § 1738A(e). The UCCJA, now known as the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as adopted in New York State, provides that "[b]efore a child custody determination is made under this article, notice and an opportunity to be heard in accordance with the standards of section seventy-

---

[1] "'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" *Prokopiou v. The Long Island R.R. Co.*, No. 06 Civ. 2558, 2007 WL 1098696, at *5 (S.D.N.Y. Apr. 9, 2007) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Tomney v. Int'l Ctr. for the Disabled*, No. 02 Civ. 2461, 2003 WL 1990532, at *3 (S.D.N.Y. Apr. 29, 2003) (internal quotation marks and citation omitted).

five-g of this article must be given to all persons entitled to notice under the law of this state . . . ." N.Y. Dom. Rel. Law § 76-d(1).  Section 75-g governs the provision of notice to persons outside the state and sets forth the manner for providing such notice "[i]f a person cannot be served with notice within the state."  N.Y. Dom. Rel. Law § 75-g(1).  As one practice guide noted, "Notice must be given in New York in accordance with New York law."  MCKINNEY'S FORMS *Matrimonial and Family Law* § 20:55 (2007).  *See also Klam v. Klam*, 797 F. Supp. 202, 205 (E.D.N.Y. 1992) ("As to persons in the forum state, the general law of the state applies.") (internal quotation marks and citation omitted); N.Y. Dom. Rel. Law § 75-e (provision regarding the effect of a child custody determination:  "A child custody determination made by a court of this state that had jurisdiction under this article binds all persons who have been served in accordance with the laws of this state . . . and who have been given an opportunity to be heard.").

      Petitioner argues that the Federal Rules of Civil Procedure govern in cases brought in federal court, but Fed. R. Civ. P. 4(e) sets forth the methods for service upon individuals, "[u]nless otherwise provided by federal law."  In this instance, federal law – ICARA – provides the method for service in Hague Convention proceedings:  "in accordance with the applicable law governing notice in interstate child custody proceedings."  42 U.S.C. § 11603(c).  Therefore, Petitioner needed to serve his petition papers upon Respondent in accordance with New York law.  While he effected service in accordance with Fed. R. Civ. P. 4(e)(2),[2] by leaving the papers with Respondent's boyfriend at the place where she resides, under New York law, personal service is effected by both delivery of the summons "within the state to a person of suitable age

---

[2] Service may be made upon individuals "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ." Fed. R. Civ. P. 4(e)(2).

and discretion at the . . . dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence . . . such delivery and mailing to be effected within twenty days of each other." N.Y. C.P.L.R. § 308(2). Respondent claims, undisputed by Petitioner, that she never received the petition papers in the mail at her address. *See* Aff. of Yvonette Ebanks ¶ 3; Reply Aff. of Yvonette Ebanks ¶ 2. Furthermore, the statute provides that "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing." N.Y. C.P.L.R. § 308(2). In this case, Petitioner has failed to file proof of service with the Court. *See* Mullins Kim Affirmation ¶ 11. Therefore, Petitioner has not properly served Respondent with his Hague Convention petition papers, regardless of whether Respondent received actual notice of the action. *See Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service . . . ."); *Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978) (*per curiam*) ("A showing that the defendant has had actual notice of the lawsuit is not sufficient to bar a motion to dismiss under Rule 12(b)(2).") (citations omitted); *Raschel v. Rish*, 69 N.Y.2d 694, 697 (N.Y. 1986) ("When the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents.") (citations omitted).

In addition, although not in her motion papers, Respondent's counsel stated at oral argument on May 16, 2007, that if this action were dismissed for failure to effect proper service within 120 days of filing the complaint – presumably referring to Fed. R. Civ. P. 4(m) – then Petitioner would not be able to avail himself of the Hague Convention's presumptive standard of

return of the children if the petition is made within one year.[3] *See* Tr. at 4. As Respondent's counsel noted, this point is especially important in light of the fact that Petitioner commenced this action just one week before the expiration of the one-year deadline. *Id.* While Rule 4(m) mandates an extension of the time for service upon a showing of good cause by the plaintiff, courts have discretion to extend the 120-day deadline for service even absent a showing of good cause. *See Beauvoir v. United States Secret Serv.,* 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). "The factors to be considered in deciding whether to grant this relief are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Id.* (internal quotation marks and citation omitted).

Based on consideration of the foregoing factors, I recommend that the Court exercise its discretion to extend the Rule 4(m) deadline for service. While the one-year time period set forth in the Hague Convention is not a statute of limitations *per se*, forcing Petitioner to recommence this action beyond that time period would serve to bar his claim for immediate return of the children. Furthermore, it is clear that Respondent had actual notice of the claims set forth in the petition papers since she did, in fact, receive them, so she would not be prejudiced by granting Petitioner additional time to effect proper service.

---

[3] "Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith." Hague Convention art. 12. It should be noted, however, that this return is subject to certain exceptions, which a respondent has the burden of proving. *See* 42 U.S.C. § 11603(e)(2).

"Where service of process is insufficient, the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant, even though service will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) (internal quotation marks and citations omitted). In this case, there is a reasonable prospect that Petitioner will be able to serve Respondent properly in accordance with state law as required by ICARA. Therefore, I recommend that service be quashed and the action preserved, and that Petitioner be given an additional thirty (30) days to effect proper service. *See* Fed. R. Civ. P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time . . . .*") (emphasis added). Declining to dismiss the action is consistent "with the Second Circuit's clearly expressed preference that litigation disputes be resolved on the merits." *Tomney*, 2003 WL 1990532, at *6 (internal quotation marks and citations omitted).[4]

---

[4]Respondent also argues that she never received the January 19, 2007 executed Notice of Petition, *see* Mullins Kim Affirmation ¶¶ 8, 16 & Ex. D, which stated that the Notice of Petition and all supporting papers should be served by certified mail, return receipt upon Respondent and her attorneys, Ury Abraham Leid & Associates, on or before February 1, 2007. She contends that since the papers were never served upon her in the manner set forth in the Notice of Petition, this is yet another reason why the Court lacks personal jurisdiction over her. However, since Petitioner's counsel did not receive the January 19, 2007 Notice of Petition at the time of its issuance, *see* Mullins Kim Affirmation ¶¶ 14-15, and I recommend that Petitioner be granted additional time to effect proper service, I need not address this contention. Moreover, since I recommend that the Court retain the case, and Respondent does not challenge the February 28, 2007 Order barring the removal of the children from Bronx County, such Order remains in effect.

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that your Honor deny Respondent's motion to dismiss and that Petitioner be given an additional thirty (30) days from the issuance of your Honor's Order on this motion to effect proper service.

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed. R. Civ .P., the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (*see* Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Assigned United States District Judge, at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by the Assigned United States District Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15,16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for

extensions of time to file objections must be made to the Assigned United States District Judge and should not be made to the undersigned.

Date: July 27, 2007
White Plains, New York

                                                Respectfully submitted,

                                                _____
                                                MARK D. FOX
                                                UNITED STATES MAGISTRATE JUDGE