UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAUL DARWIN EBANKS,

                Petitioner,

  -v-

YVONETTE SHARONET EBANKS,

                Respondent.

Case No. 07-CV-314 (KMK)

ORDER ADOPTING
REPORT & RECOMMENDATION

---

KENNETH M. KARAS, District Judge:

     Paul Darwin Ebanks ("Petitioner") brings this action for return of his children from his wife, Yvonette Sharonet Ebanks ("Respondent"), pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10,494 (Mar. 26, 1986) (the "Hague Convention") and the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.* ("ICARA"). On March 29, 2007, Respondent filed a motion to dismiss based on insufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). The case was referred to Magistrate Judge Mark D. Fox for review[1] and, on July 27, 2007, he issued a Report and Recommendation that this Court deny Respondent's motion to dismiss and grant Petitioner an additional thirty days from the issuance of this Court's order to effect proper service. (Report and Recommendation, July 27, 2007 ("Report & Recommendation"), at 8.) Respondent did not object to the Report and Recommendation.

---

[1] On January 12, 2007, the case was referred to Magistrate Judge Fox for all purposes permitted by law under the standing order of Chief Judge Kimba M. Wood dated December 18, 2006. On August 6, 2007, the case was reassigned to the undersigned. Going forward in this case, the order of reference to Magistrate Judge Fox is to continue as a general pretrial referral.

A district court reviewing a report and recommendation addressing a dispositive motion "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Reyes v. Mantello*, No. 00 Civ. 8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003) (quoting 28 U.S.C. § 636(b)(1)(C)). Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," *see* Fed. R. Civ. P. 72(b), and must be made "within 10 days after being served with a copy of the recommended disposition." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Where a party does not submit an objection, "a district court need only satisfy itself that there is no clear error on the face of the record." *Reyes*, 2003 WL 76997, at *1 (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). In addition, a party's failure to submit an objection will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'") (quoting *Small v. Sec'y of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)).

Here, Respondent has not filed objections to the Report and Recommendation. Accordingly, the Court has reviewed the Report and Recommendation under the clear error standard. In so doing, the Court finds no clear error in the Report and Recommendation. This Court concurs in Judge Fox's application of the law of *Montalbano v. Easco Hand Tolls, Inc.* in finding that the Court has discretion, where service of process has been insufficient, to retain the case but to quash the defective service. 766 F.2d 737, 740 (2d Cir.). This Court also fully concurs in Judge Fox's discretionary determination under Federal Rule of Civil Procedure 4(m) that an extension of time for service is appropriate. *See Eastern Refractories Co., Inc. v. Forty*

that an extension of time for service is appropriate. *See Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999) (stating factors to be determined in granting discretionary relief from Federal Rule of Civil Procedure 4(m)); *see also* Advisory Committee Notes to Fed. R. Civ. P. 4(m) (commenting that rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"). The Court therefore adopts Judge Fox's Report and Recommendation in its entirety.

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated July 27, 2007, is ADOPTED in its entirety. It is further

ORDERED that Respondent's motion to dismiss is DENIED and the Clerk of the Court is directed to terminate the motion docketed as #7 from the docket. It is further

ORDERED that Petitioner has thirty days from the issuance of this Order to effect proper service.

SO ORDERED.

Dated:      September 5, 2007
            New York, New York

                                                    _____
                                                    KENNETH M. KARAS
                                                    UNITED STATES DISTRICT JUDGE